IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Michael E. Kennedy,

        Plaintiff,

v.

Chesapeake Utilities Corporation,
909 Silver Lake Boulevard, Dover,
Delaware 19904,

        Defendant.

Civil Action No. BL10CV2256

FILED _____ ENTERED _____
LOGGED _____ RECEIVED _____

AUG 17 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## COMPLAINT

**I.**    **Jurisdiction in this case is based on:**

    [ X ]   Federal question (suit is based upon a federal statute or provision of the United States Constitution).

    [   ]   Diversity (none of the defendants are residents of the state where plaintiff is a resident).

    [ X ]   Other (explain) *Fair Debt Collection Practices Act ("FDCPA") of 1977.*

**A.**    **Jurisdiction.**

This action is brought pursuant to the *Fair Debt Collection Practices Act ("FDCPA") of 1977* and State of Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.* The Court has jurisdiction over this action pursuant to *28 U.S.C. §1331.* The Plaintiff further invokes the pendent jurisdiction of this Court.

**B.**    **Parties.**

    (1)    The Plaintiff in this action is Michael Edward Kennedy, who presently resides at 8635 N West Road, Salisbury, Maryland 21801.

    (2)    The Defendant in this action is:

    (a.)   Chesapeake Utilities Corporation, which is a legally registered corporate entity and operates within the confines of the State of Maryland, maintaining a business address at

32145 Beaver Run Drive, Salisbury, Maryland 21801. Chesapeake Utilities Corporation operates as a diversified utility company engaged in natural gas distribution, transmission and marketing, electric distribution, propane gas distribution and wholesale marketing, advanced information services and other related services. It is sued in its corporate entity

### C.  The Complaint In This Matter Is Timely Filed.

The statute of limitations for filing a *Fair Debt Collection Practices Act ("FDCPA")* action in accordance with the state laws of Maryland for a comparable civil action is two-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. The material documents and factual evidence supporting the instant action became known to Mr. Kennedy in June of 2010. The Complaint in this matter is therefore timely filed.

### D.  Trial Demand.

The Plaintiff in the above-captioned complaint, Michael E. Kennedy, demands a trial by jury in this matter.

## II.                     Statement of the Case

The Plaintiff in this matter brings suit under the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.)* and State of Maryland *Fair Debt Collection Practices Act* collection laws *(Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)* prohibiting debt collectors from engaging in abusive, deceptive or unfair collection practices.

## III.                     Background

The Plaintiff, Michael E. Kennedy, brings suit under the federal and Maryland debt collection laws prohibiting debt collectors from engaging in abusive, deceptive, or unfair collection practices. Mr. Kennedy asserts that Defendant Chesapeake Utilities Corporation, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers knowingly and willingly engaged in an unlawful telephone campaign in an effort to collect payment on a disputed debt owed Chesapeake Utilities Corporation by an individual other than Plaintiff and who has been identified by Chesapeake Utilities Corporation employees as "Marilyn Wilson." The Plaintiff does not know Marilyn Wilson; has no relation to Marilyn Wilson; and is not legally responsible

for any debts incurred by Marilyn Wilson. Lastly, even after being sent a cease and desist letter by Plaintiff, Chesapeake Utilities Corporation, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers continued in their unlawful telephone campaign in an effort to collect payment on a disputed debt owed Chesapeake Utilities Corporation by an individual other than Plaintiff. The individual and collective acts of Chesapeake Utilities Corporation, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers further served to invade the Plaintiff's common law right to privacy.

## IV.         Introduction

1.) Count I of the Plaintiff's Complaint is based on the State of Maryland's *Fair Debt Collection Practices Act (Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.).*

2.) Count II of the Plaintiff's Complaint is based on the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.)*

3.) Count III of the Plaintiff's Complaint is based on the Plaintiff's common law right to privacy.

4.) Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relative to this complaint.

5.) Defendant is seeking to collect a consumer debt from Plaintiff as defined by *Md. Code Ann., Business Regulation § 7-101 (e).*

6.) The account in question is a consumer transaction as defined by *Md. Code Ann., Business Regulation § 7-101 (e)(2)* as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

7.) Jurisdiction arises under *28 U.S. C. §1331.*

8.) Defendant conducts business and is located in the state of Maryland, Wicomico County, and therefore, personal jurisdiction is established.

9.) Declaratory relief is available pursuant to *15 U.S.C. §1692 et seq.*

10.) Plaintiff is a natural person residing in Parsonsburg, Wicomico County, Maryland.

11.) Plaintiff is a consumer and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

12.) Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692(a) (3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692(a) (5)*.

13.) Defendant is a debt collector as that term is defined by *Md. Comm. Law Code Ann. §14-201 (b)*.

14.) Defendant is a debt collector as that term is defined by *15 U.S.C. 1692(a) (6)* and sought to collect a consumer debt from Plaintiff.

15.) Defendant is a national company with a business office located in Salisbury, Wicomico County, Maryland.

## V.                    Factual Allegations

16.) On or about August 1st, 2009 Plaintiff switched his wireless service provider from Sprint to Verizon.

17.) On or about August 1st, 2009 Verizon provided 443-523-0180 as Plaintiff's new wireless cell phone number.

18.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

19.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, contacted Plaintiff from telephone numbers 1-800-427-0015 and 302-734-6799, on Plaintiff's cell phone, seeking and demanding payment for an alleged debt.

20.) On information and belief, the telephone number 302-734-6799 is listed as belonging to the Dover, Delaware office of Chesapeake Utilities Corporation in the telephone directory and the telephone number 1-800-427-0015 is listed as belonging to the Salisbury, Maryland office of Chesapeake Utilities Corporation in the telephone directory.

21.) Plaintiff does not owe the debt that Defendant was seeking to collect by continuously contacting him.

22.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, called Plaintiff utilizing a computer generated automated system and asked for "Marilyn Wilson".

23.) Plaintiff contacted Defendant's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers on six (6) separate occasions at their Salisbury, Maryland and Dover, Delaware offices and informed them that he did not know "Marilyn Wilson."

24.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, continued to place telephone calls to Plaintiff despite being told that he did not know "Marilyn Wilson".

25.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, talked to Plaintiff in an abusive and harassing manner. Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers stated that Plaintiff would have to provide them "proof" that he was not legally responsible for the debt incurred by "Marilyn Wilson,"

26.) On June 14th, 2010 Plaintiff mailed a cease and desist letter, via certified mail, properly addressed to Chesapeake Utilities Corporation, 909 Silver Lake Boulevard, Dover, Delaware 19904.

27.) Plaintiff, in his cease and desist letter as identified above in item #26 of this complaint, notified Defendant Chesapeake Utilities Corporation that: (a) he had received the 443-523-0180 telephone number in August of 2009; (b) did not know "Marilyn Wilson" nor was he legally responsible for any debts owed by her to Chesapeake Utilities Corporation; (c) demanded that Chesapeake Utilities Corporation provide a copy of the contract proving that Plaintiff owed Chesapeake Utilities Corporation a debt and that the alleged debt was unpaid; and (d) formally requested that, if such debt could not be proved as being owed Chesapeake Utilities Corporation by Plaintiff, that Chesapeake Utilities Corporation and its representatives then cease and desist from calling Plaintiff relative to any debts owed Chesapeake Utilities Corporation by "Marilyn Wilson."

28.)   Defendant did not respond to the Plaintiff's cease and desist letter as identified above in items #26 and #27 of this complaint.

29.)   Defendant has not, as of the filing of this complaint, provided Plaintiff with a copy of any contract proving that Plaintiff owed Defendant a debt and that the alleged debt was unpaid.

30.)   On information and belief, within five (5) days after first contacting Plaintiff, Chesapeake Utilities Corporation and its representatives were required to provide Plaintiff with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

31.)   Plaintiff has not been provided by either Chesapeake Utilities Corporation, or its representatives, with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

32.)   On information and belief, Defendant and its representatives were required by law to end all telephone calls and collection efforts against Plaintiff after receiving Plaintiff's June 14th, 2010 formal cease and desist letter.

33.)   Plaintiff does not owe Defendant, or any other subsidiary companies of the Defendant, any monies.

34.)   Defendant, after receiving Plaintiff's cease and desist letter identified above in items #26 and #27 of this complaint, has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, to continue to place telephone calls to Plaintiff seeking and demanding payment for an alleged debt owed by "Marilyn Wilson."

35.)   Since Plaintiff's June 14th, 2010 cease and desist letter the Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers had no legal right to continue to contact Plaintiff and collect a debt Plaintiff did not owe them.

36.)   Since Plaintiff's June 14th, 2010 cease and desist letter the Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to invade the Plaintiff's right to privacy.

## VI.                                              Count I

### A.     DEFENDANT VIOLATED THE STATE OF MARYLAND *FAIR DEBT COLLECTION PRACTICES ACT.*

37.) Defendant violated the Maryland *Fair Debt Collection Practices Act (Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)* based on the following:

(a.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

(b.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when Defendant placed collection calls to the Plaintiff with such frequency as to be both unreasonable and to constitute a harassment to Plaintiff under the circumstances.

(c) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (7)* by use of grossly abusive language in communicating with the Plaintiff.

(d) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct the natural consequence of which was to result to harass, oppress, or abuse and to proximately cause the Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(e.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.* and *Md. Code Ann., Business Reg. §7-101,*

*et seq.* of the Maryland *Fair Debt Collection Practices Act* by continuously failing to comply with the statutory regulations contained within the *FDCPA, 15 U.S.C. §1692 et seq.*

(i.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

(ii.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

(iii.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

(iv.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

(v.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (c) §§805 (c)* of the *FDCPA* by continuing to collect a debt from the Plaintiff after receiving a cease and desist communication notice.

## Count II

**A.   DEFENDANT VIOLATED THE *FAIR DEBT COLLECTION PRACTICES ACT OF 1977.  15 U.S.C. §1692 et seq.***

38.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

39.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

40.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

41.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

## Count III

**A.  DEFENDANT VIOLATED THE PLAINTIFF'S COMMON LAW RIGHT TO PRIVACY.**

42.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

43.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

44.) Defendant, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers engaged in conduct, after receiving Plaintiff's cease and desist letter, while communicating with Plaintiff by utilizing grossly abusive language were intentional and with malice, or in complete and reckless disregard of Plaintiff's common law right to privacy.

**WHEREFORE**, the Plaintiff, **MICHAEL KENNEDY**, respectfully requests judgment be entered against Defendant, **CHESAPEAKE UTILITIES**, for the following:

45.) Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to this complaint, violated the *Fair Debt Collection Practices Act* of Maryland, *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

46.) Declaratory judgment that the Defendant's conduct, while acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to this complaint, violated the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.*

47.) Statutory damages of $1000.00 pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.*, and the Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

48.) Actual damages of:

(a) $10,000.00 for damages resulting from Defendant's invasion of Plaintiff's privacy and infliction of emotional distress and mental anguish proximately caused to Plaintiff by Defendant's actual malice, motivated by ill will and the intent to injure by such invasion of privacy, and in violation of *Md. Comm. Law Code Ann. § 14-203*; and Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.*; and *Md. Comm. Law Code Ann. §14-201 et seq.*

(b) Any and all costs related to mileage, postage, and copying fees incurred by the Plaintiff relative to this action.

(c) Costs and reasonable attorneys' fees, **if any**, pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq. and* the Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

57.) Any other relief that this Honorable Court deems appropriate, just or proper and in the equitable interest of justice.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff, **MICHAEL KENNEDY**, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

_____
Michael E. Kennedy
Plaintiff, *pro se*

Dated this 16th day of August, 2010.

Michael E. Kennedy
8635 N West Road
Salisbury, Maryland 21801
(443) 523-8196

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND            )
                             )   ss:
COUNTY OF WICOMICO           )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.) I am the Plaintiff in this civil proceeding.

2.) I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.) I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.) I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.) I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL E. KENNEDY**, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Michael E. Kennedy
Plaintiff, *pro se*

Executed on this 16th day of August, 2010.

Michael E. Kennedy
8635 N West Road
Salisbury, Maryland 21801
(443) 523-8196