IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL KENNEDY      :

    Plaintiff      :

v      :      Civil Case No. L-10-2256

          :

CHESAPEAKE UTILITIES CORP.      :

    Defendant      :

o0o
**MEMORANDUM**

Plaintiff Michael Kennedy, filing pro se, brings this action against Chesapeake Utilities Corporation ("Chesapeake") alleging violations of the federal Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act, and Maryland common law. Now pending is Chesapeake's Motion to Dismiss (Docket No. 5). The Court has reviewed the papers, and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010).

For the reasons stated herein, the Court will, by separate Order of even date, GRANT Chesapeake's Motion and DISMISS the case.

### I.      FACTUAL BACKGROUND

The following are the facts as alleged in the Complaint. In August of 2009, Kennedy switched his wireless telephone provider from Sprint to Verizon. Verizon provided Kennedy a new wireless number. Soon after the switch, Kennedy began to receive calls on this new number from Chesapeake requesting to speak to "Marilyn Wilson" and demanding payment of an outstanding debt.

Each time, Kennedy replied that he did not know anyone by that name and that he owed no debt. He requested that Chesapeake cease contacting him. Kennedy alleges that despite his requests, the calls continued. The callers told Kennedy that he would have to provide proof that he was not legally responsible for the debt incurred by Marilyn Wilson, and spoke to him in an abusive and harassing manner.

On June 14, 2010, Kennedy sent a "cease and desist" letter to Chesapeake by registered mail, notifying it again of the change to his telephone number, that he did not know Marilyn Wilson and was not responsible for her debts, and demanding proof of any debt that Chesapeake claimed he owed. Kennedy states that Chesapeake did not respond to his letter, and that the harassing calls continued.

In response, Kennedy brought the instant suit against Chesapeake, seeking monetary and injunctive relief. On September 28, 2010, Chesapeake filed the Motion to Dismiss now before the Court.[1]

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and

---

[1] In response to inquiries from the Court, Chesapeake has asserted that it has stopped calling Mr. Kennedy's number, that it has no information concerning any connection between Kennedy and Marilyn Wilson, and that it is no longer seeking to collect her debt through calls to Kennedy. Chesapeake also avers that it made only six automated calls to Kennedy's number over the course of ten months, that it never received Kennedy's cease-and-desist letter, and that its investigation into the matter indicated that the tracking number Kennedy provided for the letter was invalid.

then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).

### III. DISCUSSION

Kennedy's Complaint contains three counts: Violation of the Maryland Consumer Debt Collection Act (Count I),[2] violation of the federal Fair Debt Collection Practices Act ("FDCPA") (Count II), and violation of the common law right to privacy (Count III). Because Kennedy cannot state a case under Count II, the claim that supplies federal jurisdiction in this case, the Court will dismiss the remaining counts as well.

The FDCPA prohibits certain abusive and harassing behavior by debt collectors. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts <u>owed or due or asserted to be due another</u>." 28 U.S.C. § 1692a(6) (emphasis supplied). Excluded from this definition are "employee[s] of a creditor collecting debts in the name of the creditor." Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 230 (4th Cir. 2007) (citing 15 U.S.C. § 1692a(6)). Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect

---

[2] Md. Code Ann., Com. Law § 14-201 et seq. The Complaint erroneously identifies the title of the statute as the "Maryland Fair Debt Collection Practices Act."

their corporate goodwill, their debt collection activities are not subject to the FDCPA unless they collect under a name other than their own. Aubert v. American General Finance, Inc., 137 F.3d 976, 978 (7th Cir. 1998) (citing Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y.1997)).

Chesapeake falls within this exclusion. It is, as alleged in the Complaint, "a diversified utility company engaged in natural gas distribution, transmission and marketing, electric distribution, propane gas distribution and wholesale marketing, advanced information services and other related services." Pl.'s Compl. 1–2. Chesapeake is not a "debt collector" as that term is defined by the FDCPA, nor is it alleged that the callers purported to be acting on behalf of a third party. Because the statute does not apply to Chesapeake, Kennedy's FDCPA claim must fail.

Since this case is at such an early stage, with no discovery having been conducted, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). Kennedy may re-file his state law claims in Maryland state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Chesapeake's Motion to Dismiss (Docket No. 5) and DISMISS the case.

Dated this 8th day of March, 2011.

/s/
_____
Benson Everett Legg
United States District Judge